```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

                                  )
FRANK GABALDON,                   )
          Plaintiff,              )
                                  )      CIVIL ACTION
          v.                      )      NO. 21-10465-WGY
                                  )
CITY OF NORFOLK MASSACHUSETTS,    )
          Defendant.              )
                                  )
```

YOUNG, D.J.                                        March 22, 2021

                          **MEMORANDUM AND ORDER**

For the reasons stated below, and if plaintiff wishes to proceed in this matter, he must (1) either pay the filing fee or file an application to proceed in forma pauperis accompanied by his prison account statement; and (2) file an amended complaint that sets forth a plausible claim upon which relief may be granted.

**I.   RELEVANT BACKGROUND**

On March 17, 2021, Frank Gabaldon, an inmate in custody at USP Tuscon, filed a pro se complaint alleging that his constitutional rights were violated when he was confined to MCI-Norfolk.  Complaint ("Compl."), Docket No. 1.  The case caption of the complaint identifies the defendants as "City of Norfolk, Massachusetts; County of Norfolk Massachusetts."  Id.  Among other things, plaintiff alleges that the Massachusetts

Department of Public Health asked MCI-Norfolk to correct the "heat conditions at MCI Norfolk." Id. at ¶ 6.

Attached to the complaint are 40 pages of exhibits. Docket No. 1-1. Plaintiff "incorporates by reference into this complaint all of the attached Exhibits." Compl. at ¶ 10.

For relief, plaintiff seeks "a minimum of $1,000,000.00 in punitive, compensatory, and/or exemplary monetary damages." Id. at ¶ 11.

Plaintiff filed this civil action without paying the filing fee or seeking leave to proceed in forma pauperis.

## II. FILING FEE

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $52.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee.

If plaintiff wishes to proceed with this action, he either must pay the filing fee or file an application to proceed in forma pauperis accompanied by a copy of his prison account statement.

### III. PRELIMINARY SCREENING

Prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to preliminary screening under 28 U.S.C. § 1915A. Section 1915A authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) (screening).

[3]

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In conducting this review, the Court liberally construes the complaint because Plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

**IV. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLA*IM***

The federal civil rights statute, 42 U.S.C. § 1983, "furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)). To succeed on a Section 1983 claim, a plaintiff "must show: (1) that the complained-of conduct was committed under the color of state law, and (2) that such conduct violated his constitutional or federal statutory rights." Miller v. Town of Wenham, 833 F.3d 46, 51 (1st Cir. 2016) (citing Chongris v. Bd. of Appeals, 811 F.2d 36, 40 (1st Cir. 1987)).

[4]

Here, plaintiff seeks to hold local government liable for alleged constitutional violations.[1]  However, the "city" and the "county" defendants are subject to dismissal as parties to this action.  Although MCI-Norfolk is located in Norfolk County, it is a state prison[2] for the Commonwealth of Massachusetts.

Even if the Commonwealth was substituted as the proper defendant, plaintiff's claims for damages are barred by the Eleventh Amendment to the United States Constitution.  This is because a "suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014) (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974)).  Even when the named defendant is sued in his or her official capacity, "it is no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citation omitted).

Under the Eleventh Amendment, a State, its agencies, and agency officials acting in their official capacities are not "persons for purposes of section 1983, and therefore are not subject to suit for money damages in federal courts without the

---

[1] MCI-Norfolk is located in the Town of Norfolk.  There is no "City of Norfolk" in the Commonwealth of Massachusetts.

[2] The Massachusetts Department of Correction is a state agency, Mass. Gen. Laws ch. 27, § 1.

[5]

States consent or abrogation of State sovereignty by Congress acting under its Fourteenth Amendment powers." Will, 491 U.S. at 65-67; see also Cryer v. Clarke, No. Civ. A. 09-10238-PBS, 2012 WL 6800791, at *6 (D. Mass. Sept. 7, 2012) ("[T]he DOC, as an arm of the state, enjoys Eleventh Amendment immunity from suit in federal court." (citing O'Neill v. Baker, 210 F.3d 41, 47 & n. 5 (1st Cir. 2000))). The Commonwealth has not consented to being sued for money damages in either federal court or in its own courts under section 1983. See Woodbridge v. Worcester State Hosp., 384 Mass. 38, 44-45 (1981).

The Eleventh Amendment does not bar a suit against an individual in his or her individual capacity. See Dasey v. Anderson, 304 F.3d 148, 153 (1st Cir. 2002). Thus, Section 1983 claims brought against officers and employees of MCI-Norfolk in their individual capacities would not be barred by the Eleventh Amendment nor principles of sovereign immunity. Here, the complaint does not name any individuals in their individual capacities. Although plaintiff seeks to incorporate by reference the exhibits that accompany the complaint, this is not a substitute for setting forth factual allegations in the complaint. While plaintiff may include exhibits that are relevant to the claims, see Fed. R. Civ. P. 10(c), use of exhibits does not excuse plaintiff of his responsibility to

clearly and succinctly set forth the relevant allegations in the body of the complaint.

## V. ORDER TO FILE AN AMENDED COMPLAINT

In light of the foregoing, this action will be dismissed unless plaintiff files an amended complaint which cures the pleading deficiencies and sets forth plausible claims upon which relief may be granted.  He must name as proper defendants those individuals who had some personal involvement in the alleged unconstitutional conduct.  See Iqbal, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution.").  If plaintiff wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe, and to the best of his ability describe each individual.

To the greatest extent possible, the amended complaint should allege relevant events, stating the facts that support plaintiff's case including what each defendant did or failed to do; give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event; give the location where each relevant event occurred; describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered; and state what relief plaintiff seeks from the Court.

Plaintiff's amended complaint will completely replace, not supplement, the original complaint. Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (an amended complaint completely replaces the original complaint). The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Memorandum and Order.

**VI.   CONCLUSION**

For the foregoing reasons,

1. Within 42 days of the date of this Memorandum and Order, plaintiff either shall (1) pay the $400.00 filing and administrative fees; or (2) file an application to proceed in forma pauperis accompanied by a certified prison account statement. The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

2. Within 42 days of the date of this Memorandum and Order, plaintiff shall file an amended complaint curing the pleading deficiencies and setting forth plausible claims upon which relief may be granted. The Clerk shall provide plaintiff with a courtesy copy of the complaint.

3. Failure of the plaintiff to timely comply with these directives may result in the dismissal of this action.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE