UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                )
FRANK GABALDON,                 )
            Plaintiff,          )
                                )     CIVIL ACTION
        v.                      )     NO. 21-10465-WGY
                                )
CITY OF NORFOLK MASSACHUSETTS,  )
            Defendant.          )
                                )

YOUNG, D.J.                                      July 9, 2021

**ORDER**

For the reasons stated below, this action is dismissed without prejudice.

On March 17, 2021, Frank Gabaldon, an inmate in custody at USP Tuscon, filed a pro se complaint without paying the filing fee or seeking leave to proceed in forma pauperis. In his complaint, plaintiff alleges that his constitutional rights were violated when he was confined to MCI-Norfolk.

On March 22, 2021, plaintiff was ordered to file (1) an application to proceed in forma pauperis with his prison account statement; and (2) an amended complaint curing the pleading deficiencies of the complaint and setting forth plausible claims upon which relief may be granted. Docket No. 3. The Order advised plaintiff that any amended complaint would replace the original complaint and should allege relevant events, stating the facts that support plaintiff's case including what each

defendant did or failed to do; give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event; give the location where each relevant event occurred; describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered; and state what relief plaintiff seeks from the Court. Id.

Although plaintiff filed a timely "addendum" to his complaint on March 29, 2021, see Docket No. 4, he failed to file an application to proceed in forma pauperis.

On May 17, 2021, plaintiff sought an extension of time to respond to the Court's March 22, 2021 Memorandum and Order. Docket No. 5. Plaintiff was granted until June 30, 2021, and was advised that failure to comply with the Court's directives will result in a dismissal of this action. Docket No. 6.

To date, plaintiff has not responded and the time to do so has expired.

It is a long-established principle that this Court has the authority to dismiss an action for a party's failure to follow the court's orders. Fed. R. Civ. P. 41(b). Here, dismissal is appropriate for plaintiff's failure to file an application to proceed in forma pauperis and amended complaint.

Although plaintiff responded by filing an "addendum", he failed to file an amended complaint. Plaintiff's "addendum"

[2]

consists of one-paragraph that simply states that the additional parties to be "included on this complaint are healthcare company Corrective Care Solutions, LLC, its successor company Wellpath, LLC, Lori Stanovitch, Mental Health Director MCI Norfolk, Tiana A. Bennett, Deputy Superintendent of Reentry MCI Norfolk, Alden B. Cowen, Superintendent MCI Norfolk." Docket No. 4.

Plaintiff was advised that any amended complaint would replace the original complaint and that he should allege state the facts that support plaintiff's case including what each defendant did or failed to do; give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event; give the location where each relevant event occurred; describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered; and state what relief plaintiff seeks from the Court.

Accordingly, for failure to comply with the Court's March 22, 2021 Memorandum and Order, this action is dismissed without prejudice.

**SO ORDERED.**

    /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE